**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ISOM W. HARRIS, IV,
　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　Agency.

DOCKET NUMBER
SF-844E-18-0486-I-1

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Melinda A. Harris</u>, Lancaster, California, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's newly submitted evidence, we AFFIRM the initial decision.

## BACKGROUND

On March 15, 2018, the Office of Personnel Management (OPM) issued a reconsideration decision denying the appellant's application for disability retirement based on his claimed disability of Posttraumatic Stress Disorder. Initial Appeal File (IAF), Tab 11 at 4-6. In its decision letter, OPM notified the appellant that if he wished to exercise his right to appeal to the Board, his appeal must be filed within 30 days after the date of the decision, or 30 days after receipt of the decision. *Id.* at 6. The letter was addressed to the appellant's post office box (PO Box) in Lakewood, California, and sorted for delivery at that location on March 19, 2018. *Id.* at 4; IAF, Tab 4 at 9-10.

Thirty-seven days later, on April 25, 2018, the appellant filed the instant appeal. IAF, Tab 1. He identified his address as a street address in Lancaster, California. *Id*. at 1. In her acknowledgment order, the administrative judge notified the appellant that there was a question as to whether his appeal was timely filed. IAF, Tab 2 at 2. She informed the appellant of the relevant deadlines and directed him to submit evidence and argument showing that his

appeal was timely filed or that good cause existed for the delay. *Id.* at 2-5. OPM then moved to dismiss the appeal. IAF, Tab 4.

In his response to OPM's motion, the appellant explained that OPM had sent the letter by certified mail to his old address, when his current address was already on record with the "agency"—by which he apparently meant the U.S. Postal Service (USPS), his employer.[2] *Id.* at 3. According to the appellant, USPS had improperly delivered the item without obtaining his signature and returning the PS Form 3811 (Domestic Return Receipt) to OPM. *Id.* The appellant further alleged that OPM's letter, with the unsigned PS Form 3811 still attached, was "left in [his] mailbox only a few days before the appeal was filed." *Id.* The appellant's attempt to submit a copy of the PS Form 3811 was unsuccessful, although a hard copy was eventually entered into the record. *Id.* at 4-5; IAF, Tab 18 at 2.

The administrative judge then issued a second order on timeliness. IAF, Tab 7. In the order, she noted that it was unclear from the record when OPM was notified of the appellant's new address or that he was no longer receiving mail at the PO Box in Lakewood. *Id.* at 1. She also noted that it was unclear on what date the appellant claimed to have received the letter or whether the "mailbox" he was referring to was the PO Box in Lakewood or his current address in Lancaster. *Id.* The appellant was provided another opportunity to file evidence and argument showing by preponderant evidence that his appeal was timely filed. IAF, Tab 7 at 2.

In his response, the appellant stated that he maintained the PO Box in Lakewood through July 2017, but did not renew it thereafter. IAF, Tab 8 at 3. He stated that in August 2017, his wife submitted a change of address to have their mail delivered to the Lancaster address. *Id.* He submitted a copy of a USPS form recording the change of address request, which bears his wife's name and

---

[2] There appears to have been miscommunication between the appellant and the administrative judge as to whether the term "agency" refers to USPS or OPM. When possible, we will refer to USPS and OPM by name.

indicates the address was changed from a street address in Long Beach, California. IAF, Tab 18 at 4. The appellant further stated that OPM's letter had been delivered to a cluster box housing locked mailbox doors for multiple addresses, but he did not indicate on what date and in which city the delivery occurred. IAF, Tab 8 at 3. He again stated that USPS had improperly failed to obtain his signature and return the PS Form 3811 to OPM. *Id.*

The administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 19, Initial Decision (ID). She first found that April 19, 2018, should be deemed the date of receipt of OPM's reconsideration decision, and that the appeal was therefore late by 7 days. ID at 3-4. She further found that the appellant had not shown good cause for the filing delay. ID at 6.

On review, the appellant submits an internal USPS record indicating that he completed a change of address request from the PO Box in Lakewood to his current address in Lancaster, effective July 29, 2017. Petition for Review (PFR) File, Tab 1 at 3. He explains that he did not submit the document below because he "needed time" to get it. *Id.* at 2. According to the appellant, "[t]he agency"— it is unclear to which agency the appellant is referring—"was notified after this action Change of Address was submitted." *Id.*

In its response, OPM contends the appellant never informed OPM of any address change. PFR File, Tab 3 at 5. OPM further notes that the appellant received and requested reconsideration of OPM's August 4, 2017 initial decision, which was addressed to the PO Box in Lakewood.[3] *Id.*; *see* IAF, Tab 11 at 41-45. OPM further argues that the appellant failed to show that the newly submitted document was previously unavailable, or that the administrative judge erred in

---

[3] OPM also states that the appellant provided a copy of his December 31, 2017 removal letter from USPS, which was also addressed to the Lakewood PO Box to which OPM issued its initial and reconsideration decisions. PFR File, Tab 3 at 5. While we are unable to locate a December 31, 2017 removal letter, the record does contain a December 5, 2017 notice of proposed removal, addressed to the PO Box in Lakewood, which the appellant provided OPM in support of his disability retirement application. IAF, Tab 11 at 9-15; *see id*. It is unclear from the record whether mail was the exclusive means of service for the proposal notice.

her findings and conclusions. PFR File, Tab 3 at 5-6. In his reply, the appellant states that he did not previously have possession of the internal USPS document, and that he was able to obtain it only after making repeated attempts to schedule an appointment with the Lakewood post office, which is a 3-hour drive away from his current address in Lancaster. PFR File, Tab 4 at 3. He again asserts that USPS mishandled the reconsideration letter, and argues that OPM denied his request for disability retirement based on faulty information. *Id*.

## ANALYSIS

The appellant bears the burden of proving the timeliness of his appeal by a preponderance of the evidence.[4] 5 C.F.R. § 1201.57(c)(2). With exceptions not applicable here, the Board's regulation at 5 C.F.R. § 1201.22(b) requires that an appeal must be filed with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The same regulation further provides:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addresses.

5 C.F.R. § 1201.22(b)(3). It is evident from context that, here, "the agency" means the agency that issued the decision on appeal, in this case OPM.

The record reflects that OPM issued its reconsideration decision on March 15, 2018, and sent it by certified mail to the appellant's PO Box in Lakewood. IAF, Tab 11 at 4, Tab 4 at 9-10. In light of the appellant's newly submitted evidence, it appears that he had previously informed USPS, in its capacity as mail deliverer, of his change of address from the PO Box in

---

[4] The Board's regulations define a preponderance of the evidence as that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Lakewood to his current address in Lancaster, effective July 29, 2017. PFR File, Tab 1. Accordingly, we begin with a presumption that OPM's letter, which was sent and addressed to the appellant's former address in Lakewood, was duly forwarded and delivered to his address in Lancaster.

Section 1201.22(b)(3) further provides that the presumption of delivery may be overcome under the circumstances of a particular case, although an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service. Even though the appellant did request that USPS forward his mail from the PO Box in Lakewood to his current address in Lancaster, he was nonetheless responsible for keeping OPM informed of his current address, *see id.,* and he did not meet that responsibility. Under these circumstances, we find that any failure or delay in actual service would be attributable, at least in part, to negligent conduct on the part of the appellant.

In any case, even if circumstances were such that the presumption of delivery might be defeated, the appellant has not shown that he actually received OPM's letter within 30 days before he filed his Board appeal on April 25, 2018. Indeed, he has not clearly identified the alleged date of receipt. The appellant indicated on his appeal form that the date of OPM's decision was March 21, 2018, and it is possible that this was intended to represent the date he received the decision. IAF, Tab 1 at 4. If so, however, his appeal was still late by 5 days. Accordingly, we find the appellant failed to show by preponderant evidence that his appeal was timely filed.

We also affirm the administrative judge's finding that the appellant failed to establish good cause for the untimely filing. To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the

delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

While the precise length of the filing delay is somewhat unclear in this case, the Board will not waive its timeliness requirements in the absence of a showing of good cause, regardless of how minimal the delay. *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009). The appellant makes a vague reference to his "VA appointments and treatment," IAF, Tab 8 at 3, but he has not indicated when the appointments and treatment occurred or explained how his medical issues would have prevented him from filing his Board appeal during the 30-day filing period. Nor has he demonstrated any other circumstances beyond his control that prevented him from timely filing his appeal. We further note that OPM's reconsideration decision placed the appellant on clear notice of the deadline for filing a Board appeal, which weighs against a finding of good cause. IAF, Tab 11 at 6; *see Melendez*, 112 M.S.P.R. 51, ¶ 14. Notwithstanding the appellant's pro se status, we conclude that he has not met his burden of showing good cause for his untimely filing.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.